UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
ALLEN ROGER WIESE,              )
                                )    Bankruptcy No. 04-00217
     Debtor.                    )
                                )
_____)
NATIONAL CITY MORTGAGE CO.,     )
                                )    Adversary No. 05-9058
     Plaintiff,                 )
                                )
vs.                             )
                                )
ALLEN ROGER WIESE and RENEE     )
K. HANRAHAN,                    )
                                )
     Defendant.                 )
```

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

This matter came before the undersigned on December 2, 2005 pursuant to assignment. Plaintiff National City Mortgage Co. was represented by attorney Mark D. Walz. Debtor/Defendant Allen Wiese was represented by attorney Dan Seufferlien. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**STATEMENT OF THE CASE**

Plaintiff seeks partial summary judgment declaring that Debtor owes approximately $110,500 on his mortgage with Plaintiff. Debtor filed a cross motion for summary judgment, asking for a ruling that the amount due is approximately $60,700 as set out in the parties' Reaffirmation Agreement.

**STATEMENT OF FACTS**

Debtor filed his Chapter 7 petition on January 26, 2004. Also on that date, he sent Plaintiff a cashier's check in the amount of $50,000 to pay toward his mortgage. Plaintiff applied the funds against the $110,506.94 balance due on Debtor's note on January 27, 2004.

Plaintiff signed a Reaffirmation Agreement on March 16, 2004 which states that the balance due as of 04-01-04 was $60,716.15. On March 25, 2004, Plaintiff received a demand from Trustee Renee Hanrahan to turn over the $50,000 Plaintiff received from Debtor, asserting that the payment was an avoidable post-petition transfer under § 549(a). Plaintiff paid this amount to Trustee on April 13, 2004 and reversed the $50,000 reduction of principal on Debtor's note. In the meantime, Debtor executed the Reaffirmation Agreement and filed it on April 7, 2004.

Plaintiff filed this action requesting a declaratory ruling that the Trustee must disgorge to Plaintiff the $50,000 payment, or alternatively that Debtor owes the original principal balance of $110,506.94 under the Note and Mortgage. It requests partial summary judgment on the latter claim, i.e. that the principal balance of $110,506.94 remains owing on Debtor's Note and Mortgage.

Debtor's cross motion for summary judgment argues that Plaintiff breached a fiduciary duty when it turned over the $50,000 to Trustee. He asserts Plaintiff should be estopped from seeking to abrogate the Reaffirmation Agreement. Debtor requests summary judgment that $60,716.15 remains owing on the Note and Mortgage, as stated in the Reaffirmation Agreement between the parties.

**CONCLUSIONS OF LAW**

It is axiomatic that summary judgment may only be granted when there are no facts in controversy. In considering a motion for summary judgment, the Court must determine whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In re Cochrane, 124 F.3d 978, 981-82 (8th Cir. 1997). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

This case is best treated as a simple matter of accounting. Debtor owed Plaintiff $110,500 on his mortgage. He paid $50,000 toward the debt, resulting in a balance due of $60,500. That payment was reversed by Trustee's turnover demand, resulting in a final balance due of $110,500.

2

Debtor asserts the final balance due should be $60,500 based on the parties Reaffirmation Agreement. Plaintiff persuasively argues that the agreement does not dictate the balance due, it merely addresses the dischargeability of the debt. Furthermore, this situation is analogous to a mutual mistake in the formation of the contract. Generally, conventional contract principles apply to reaffirmation agreements. In re Schott, 282 B.R. 1, 7 (B.A.P. 10th Cir. 2002). In construing and interpreting contracts, the court looks to state law. Butner v. United States, 440 U.S. 48, * (1979).

When a mutual mistake occurs in the formation of a contract, avoidance is the proper remedy. Nichols v. City of Evansdale, 687 N.W.2d 562, 571 (Iowa 2004). "When a mistake of both parties at the time a contract was made as to a basic assumption upon which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party." Id. (citing Restatement (Second) of Contracts § 152(1)(1981). This law has been applied to reaffirmation agreements. See In re Beaton, 211 B.R. 755, 759 (Bankr. N.D. Ala. 1997).

In this case, the mutual mistake was the assumption that the $50,000 Debtor paid down on his mortgage would be permanent and not reversed. When Debtor filed his bankruptcy petition on the same date of the payment, the payment became property of the bankruptcy estate subject to a turnover demand by Trustee. Because of this mistaken assumption of the parties, the Court declines to treat the statement of the balance due in the Reaffirmation Agreement as binding on Plaintiff.

Debtor further argues that Plaintiff breached a fiduciary duty by paying over the $50,000 on Trustee's demand without notifying Debtor. As a general rule, a fiduciary duty or confidential relationship does not arise solely from a bank-depositor relationship. Kurth v. Van Horn, 380 N.W.2d 693, 696 (Iowa 1986). This also holds true in a borrower-lender context. Weltzin v. Cobank, ACB, 633 N.W.2d 290, 294 (Iowa 2001).

Not only does Plaintiff not have the fiduciary duty claimed by Debtor, once Debtor filed his bankruptcy petition Plaintiff had a duty to comply with Trustee's turnover demand for the benefit of the bankruptcy estate. If Debtor believes

3

there is some defense to Trustee's demand, he can pursue whatever remedies are available to challenge Trustee's actions.

 **WHEREFORE**, Debtor's Cross Motion for Summary Judgment is DENIED.

 **FURTHER**, Plaintiff's Motion for Partial Summary Judgment is GRANTED.

 **FURTHER**, Debtor Allen Weise owes Plaintiff National City Mortgage Co. the original principal balance of $110,506.94, less any regular monthly payments Plaintiff has received and applied since January 16, 2004, under the Note and Mortgage.

 DATED AND ENTERED: December 21, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE